mony from which facts are to be ascertained cannot be properly designated or certified to as "a statement of facts." Whatever the document be called, it should be certified to be what it really is. Not only is none of the statements in question the kind of statement contemplated by said section 23, but it is not a statement of facts at all, nor certified in form to be treated as a bill of exceptions. It presents nothing a court of review can recognize as a part of the record. The motion, therefore, to strike each of the so-called "statement of facts" from the record will be granted, and, as there is nothing left in the record on which error is predicated, there is nothing to review. The judgment must, therefore, be affirmed.

*Affirmed.*

### Pierce B. Pontius, Defendant in Error, v. Commercial National Safe Deposit Company, Plaintiff in Error.

### Gen. No. 19,462. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Action by Pierce B. Pontius against Commercial National Safe Deposit Company, a corporation, to recover for personal injuries sustained by plaintiff while he was a passenger on an elevator operated by defendant. The negligence averred was that the elevator and its attachments and appliances were allowed to become and remain out of order and in an unsafe and dangerous condition and that there was a lack of skill and negligence in the operation thereof. To re-

Pontius v. Com. Nat. Safe Deposit Co., 187 Ill. App. 20.

verse a judgment in favor of plaintiff for four hundred seventy-five dollars, defendant brings error.

F. J. CANTY and R. P. GARRETT, for plaintiff in error.

CLYDE C. COLWELL, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ELEVATORS, § 29*—*when recovery for personal injury to passenger proper*. In an action for personal injuries sustained by plaintiff while he was a passenger on an elevator operated by defendant, where the negligence, if any, was manifestly a failure of defendant to make inspection, *held* that the nature of the case was such that negligence would be presumed from the happening of the accident and that a verdict for plaintiff was proper in the absence of evidence to rebut the presumption.

2. TRIAL, § 110*—*sufficiency of motion to strike evidence*. Refusal of court to strike out an expression of opinion of a witness *held* not error where the motion did not point specifically to such evidence.

3. APPEAL AND ERROR, § 1463*—*when refusal to strike out evidence not reversible error*. In an action for personal injuries, refusal of court to strike out an expression of opinion by plaintiff's attending physician to the effect that he found a painful spot over the lower part of the spinal column, because such symptom was subjective, *held* not reversible error.

4. APPEAL AND ERROR, § 573*—*when objection to instructions not preserved for review*. Instructions given cannot be complained of where the record does not show any objection or exception thereto.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.